UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARISOL PORTALES BAUTISTA,<br>Petitioner,<br>v.<br>BRUCE SCOTT et al.,<br>Respondents. | CASE NO. 2:26-cv-02652-LK<br><br>ORDER DENYING PETITION FOR HABEAS CORPUS |

This matter comes before the Court on Petitioner Marisol Portales Bautista's Petition for Writ of Habeas Corpus, Dkt. No. 1. For the reasons set forth below, the Cour denies the petition.[1]

## I. BACKGROUND

Portales Bautista is a native and citizen of Mexico who adjusted to lawful permanent resident status in July 2011. Dkt. No. 5 at 1. On August 6, 2025, she was convicted in the 20th Judicial Circuit Court of Florida of three counts of felony Welfare Fraud, in violation of Florida

[1] The Court declines to hold an evidentiary hearing because the record is sufficient for adjudication of the petition. *See Owino v. Napolitano*, 575 F.3d 952, 954 (9th Cir. 2009) (holding that "the district court must hold an evidentiary hearing" where "the record is insufficient to decide whether [the petitioner's] detention is authorized by statute").

Statute 414.39, and was sentenced to 60 months' probation. *Id.*; *see also* Dkt. No. 1 at 5; Dkt. No. 7-1 at 7–14.

On October 24, 2025, when Portales Bautista reported to her probation officer, she was arrested by U.S. Immigration and Customs Enforcement ("ICE") agents. Dkt. No. 1 at 5. She has been continuously detained since that time and is currently held at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. *Id.*; Dkt. No. 5 at 1–2. Portales Bautista was served with a Notice to Appear on November 23, 2025, charging her as removable pursuant to Sections 327(a)(2)(A)(iii) and 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"), and 8 U.S.C. §§ 1227(a)(2)(A)(ii)–(iii) and 1101(a)(43)(M). Dkt. No. 5 at 2.

On December 29, 2025, Portales Bautista filed a motion for custody redetermination with the Tacoma Immigration Court. *Id.* On January 7, 2026, the immigration court denied the motion, holding that the Portales Bautista is mandatorily detained under Section 236(c) of the INA. *Id.* Portales Bautista did not appeal that decision. *Id.* Portales Bautista was ordered removed to Mexico on February 10, 2026, and she appealed that decision to the Board of Immigration Appeals ("BIA"), where her appeal remains pending. *Id.*

Portales Bautista filed her first habeas petition in March 2026. *Portales v. ICE Field Off. Dir.*, 2:26-cv-00817-RSM, Dkt. No. 3 (W.D. Wash. Mar. 24, 2026). On July 6, 2026, U.S. District Judge Ricardo S. Martinez granted the petition and ordered the Government to provide Portales Bautista with an individualized bond hearing no later than July 20, 2026. *Id.*, Dkt. No. 13 at 3 (W.D. Wash. July 6, 2026).

Portales Bautista had a bond hearing on July 16, 2026. Dkt. No. 1 at 13. The immigration judge ("IJ") issued a form written decision, checking the box indicating that Portales Bautista is a flight risk. Dkt. No. 7 at 2.

Portales Bautista filed this habeas petition on July 27, 2026. Dkt. No. 1. Respondents[2] filed a return, Dkt. No. 4, and Portales Bautista filed a traverse, Dkt. No. 9. On August 25, 2026, the Court ordered Portales Bautista to file a brief addressing whether she filed an administrative appeal of the IJ's denial of bond, and if she did not, whether that should affect the outcome of the case. Dkt. No. 10 at 1. The Court also permitted Respondents to file an optional response by September 15, 2026. *Id.* at 2. Portales Bautista filed a supplemental brief stating that she "did not appeal the IJ's July 16, 2026 custody determination," but her lack of appeal should "not alter the outcome of this case because the constitutional violation occurred when [her] continued detention was ordered pursuant to a constitutionally deficient custody determination." Dkt. No. 11 at 1. Respondents did not file a further response.

## II. DISCUSSION

Portales Bautista argues that the IJ abused her discretion and issued "a conclusory and unsupported 'no bond' determination" without an "individualized, reasoned analysis." Dkt. No. 1 at 2, 12. She requests that the Court order her immediate release. *Id.* at 28.

### A. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus

---

[2] Although Bruce Scott, the warden of the NWIPC, has not appeared in this case, (1) the purpose of naming the petitioner's custodian is to effectuate injunctive relief where appropriate, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary." (citation modified)); and (2) federal respondents often represent the warden's interests, as they do in this case, *see Doe v. Garland*, 109 F.4th 1188, 1196 (9th Cir. 2024) ("Even in cases where private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained.").

may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman v. Wolf*, 977 F.3d 935, 942 (9th Cir. 2020) (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing that Fifth Amendment due process protections extend to deportation proceedings, but noting that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").

**B. The IJ Did Not Abuse Her Discretion**

Even assuming without deciding that prudential exhaustion should be waived here, the IJ did not abuse her discretion. Portales Bautista argues that the IJ erred by issuing only a checkbox decision "unsupported by factual findings, legal reasoning, or any indication that the required statutory and constitutional standards were meaningfully applied." Dkt. No. 1 at 2; *see also id.* at 7. She also contends that the hearing "did not meaningfully address the constitutional concerns

identified in Judge Martinez's decision" and failed to conduct the "individualized assessment contemplated by the Court's proportionality analysis" in that prior decision. *Id.* at 11. She also argues that the IJ failed to consider the *Guerra* factors that weighed in her favor, most of which "favor[] release[.]" *Id.* at 15.

Respondents argue that the IJ complied with the Court's prior order by conducting a bond hearing, holding the Government to a clear and convincing evidence standard, and finding that "the Government had met this burden by proving that Petitioner remains a flight risk, based upon her convictions involving deceit with the government." Dkt. No. 4 at 6. Respondents also note that the IJ asked Portales Bautista about her criminal activity and her family. *Id.* at 7. They also argue that the IJ "explicitly found that Petitioner's relief was limited due to her aggravated felony convictions and order of removal, and voiced concerns about Petitioner's compliance with future court orders based upon previous deceit with the government." *Id.* (citing Dkt. No. 6-1 at 11:20–14:50, 17:50).

In general, the Court does not have jurisdiction to review discretionary bond decisions. 8 U.S.C. § 1226(e) states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

However, Section 1226(e) does not "strip federal courts of 'traditional habeas jurisdiction.'" *Martinez v. Clark*, 124 F.4th 775, 781–82 (9th Cir. 2024) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)). While factual questions raised in an application for discretionary relief are unreviewable, a district court may review a habeas challenge to an IJ's application of a legal standard—such as dangerousness or risk of flight—to determine "whether an IJ correctly applied the [legal] standard to a given set of facts." *Id.* at 782 (quoting *Wilkinson v. Garland*, 601 U.S.

209, 221 (2024)). In other words, Section 1226(e) "precludes federal courts from reviewing 'underlying factual determinations'" such as "'credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides,'" but it does not bar review of pure legal questions or mixed questions of law and fact, "even when [the latter] are primarily factual[.]" *Id.* at 782–84 (quoting *Wilkinson*, 601 U.S. at 225). Such determinations are reviewed for an abuse of discretion. *Martinez*, 124 F.4th at 784. Under abuse of discretion review, the Court "cannot reweigh evidence," but instead determines whether the IJ "applied the correct legal standard." *Id.* at 785 (citation modified).

1. <u>The IJ's Decision</u>

To determine whether a noncitizen is a danger to the community or a risk of flight, an IJ "may" weigh "any or all" of nine non-exhaustive factors under BIA precedent:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Id.* at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). An IJ's application of the above standard is a reviewable mixed question of fact and law, even though what constitutes a risk of flight or a danger to the community "is malleable and involves agency discretion," because federal courts can still "assess whether an IJ correctly applied the [legal] standard to a given set of facts." *Id.* (quoting *Wilkinson*, 601 U.S. at 221); *see also Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1077–78 (W.D. Wash. 2026) (finding jurisdiction to review IJ's bond denial based on flight risk finding); *W.T.M. v. Bondi*, No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026) (same); *Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1102 (W.D.

Wash. 2026) (same). Accordingly, Portales Bautista's allegation in her habeas petition—that the IJ abused her discretion when she found that Portales Bautista was a flight risk—presents a mixed question of fact and law that the Court has jurisdiction to review.

2. The IJ Did Not Abuse Her Discretion

The IJ's written bond denial decision, issued on July 16, 2026, consists of a checkbox form indicating that Portales Bautista is a flight risk. Dkt. No. 7 at 2–3. Portales Bautista focuses on the written form and notes that it "does not otherwise discuss the evidence presented at the hearing or set forth additional factual findings supporting the custody determination." Dkt. No. 1 at 7. However, the hearing was recorded, and Respondents filed a copy of the 20-minute audio recording with the Court. Dkt. Nos. 6-1, 8. The audio recording shows that the IJ reviewed the Court's prior order, noted that it did not set forth a burden of proof, and required the Government to demonstrate that Portales Bautista was a flight risk or danger by clear and convincing evidence. Dkt. No. 6-1 at 3:39–4:12 (audio recording of the July 16, 2026 bond hearing). The IJ also explained why she found that Portales Bautista was a flight risk: "Given her prior fraud and deception with the Government, I have concerns whether she would comply with any orders" if released. *Id.* at 18:12–25. The IJ further noted that Portales Bautista had lost her immigration case, though she was appealing. *Id.* at 19:40–47. And the IJ engaged in extensive questioning regarding Portales Bautista's family after her attorney noted that one of her children and her spouse are struggling in Portales Bautista's absence. *Id.* at 7:43–15:06. Based on these factors, the IJ found that the Government had met its burden of proof that she is a flight risk. *Id.* at 19:11–20:00.[3] These considerations provided a legally sufficient basis to deny bond.

[3] Although IJs may consider the likelihood that relief from removal will be granted in determining whether a noncitizen is a flight risk, *see Matter of Andrade*, 19 I. & N. Dec. 488, 490 (BIA 1987), a removal order alone cannot establish that a noncitizen is a flight risk, even where relief from removal is unlikely. *See Singh*, 638 F.3d at 1205 (a final removal order "alone does not constitute clear and convincing evidence that [a noncitizen] presented a flight risk justifying denial of bond"); *Tavurov v. Noem*, No. 2:26-CV-00668-TLF, 2026 WL 1283513, at *7 (W.D. Wash. May

Portales Bautista argues that the Court's prior order granting her first habeas petition required more. Dkt. No. 1 at 11 (contending that the hearing "did not meaningfully address the constitutional concerns identified in Judge Martinez's decision" and failed to conduct the "individualized assessment contemplated by the Court's proportionality analysis"). However, the IJ's conclusions reflected an individualized assessment. Dkt. No. 6-1 at 18:12–25, 19:11–20:00. In addition, the Court's prior order required a bond hearing; it did not require further remedies as Portales Bautista suggests. *See Portales*, 2:26-cv-00817-RSM, Dkt. No. 13 at 3. The IJ thus complied with the Court's prior directive.

The Court also rejects Portales Bautista's argument that the IJ was required to specifically set forth her findings on the *Guerra* factors that weighed in her favor. Dkt. No. 1 at 15. In this vein, Portales Bautista argues that *Guerra* "requires an IJ to consider" certain factors that were not considered in her case. *Id.* at 16. However, IJs "may" weigh "any or all" of nine non-exhaustive *Guerra* factors. *Martinez*, 124 F.4th at 783.

Portales Bautista also argues that some factors weigh in her favor—and weigh in favor of an alternative to detention—including that "the state court imposed only probation and no incarceration, her lawful permanent resident status, her extensive family ties, and the substantial evidence demonstrating that less restrictive alternatives could reasonably assure her appearance." Dkt. No. 1 at 12; *see also id.* at 15–16. However, under abuse of discretion review, the Court "cannot reweigh evidence," and instead determines whether the IJ "applied the correct legal standard." *Martinez*, 124 F.4th at 785 (citation modified); *see also Barrie v. Scott*, No. 2:26-cv-02218-TMC, 2026 WL 2389050, at *4 (W.D. Wash. Aug. 17, 2026) ("[T]his Court is not entitled to review the IJ's balancing of evidence."). Accordingly, the Court does not reweigh the evidence.

---

11, 2026) ("[T]he fact of a removal order is not sufficient by itself to deny bond" or establish flight risk). Here, the IJ did not rely on the removal order alone.

The IJ applied the correct legal standard and determined that Portales Bautista was a flight risk based on permissible considerations.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the petition for a writ of habeas corpus. Dkt. No. 1.

Dated this 8th day of October, 2026.

Lauren King
United States District Judge